1  CHAD BIGGINS (California SBN 206922)
   LAW OFFICE OF CHAD BIGGINS
2  633 West Fifth Street, 28th Floor
   Los Angeles, CA 90071
3  Telephone: (213) 223-2234
   Fax: (213) 223-2235
4  chadbiggins@gmail.com

5  CHARLES YOON (Admitted Pro Hac Vice)
   Yoon & Kim LLP
6  11 East 44th Street, Suite 1400
   New York, New York 10017
7  Telephone: (212) 584-0058
   Fax: (212) 584-0059
8  cyoon@yoonkimlaw.com

9
   ATTORNEYS FOR DEFENDANT
10 NY Metro Radio Korea

11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14
15  KOREA RADIO USA, INC. d/b/a Radio    )   Case No.: CV-07074118ODW(RCx)
16  Korea, a California Corporation       )   ~~Proposed~~
                                          )
17                  Plaintiff,            )   **PROTECTIVE ORDER**
                                          )
18       vs.                              )   Judicial Officer: Honorable Otis D. Wright, II
                                          )
19                                        )   Magistrate Judge: Honorable Rosalyn M.
                                          )   Chapman
20  NY METRO RADIO KOREA, INC. d/b/a     )
    NY RADIO KOREA, a New York            )   Complaint filed: November 13, 2007
21  Corporation                           )   Discovery Cut-Off Date: March 16, 2009
                                          )   Pretrial Conference Date: May 4, 2009
22                  Defendant.            )   Trial Date: June 2, 2009
                                          )
23                                        )
                                          )
24                                        )
                                          )
25  _____

26
27
28

PROTECTIVE ORDER

## PROTECTIVE ORDER

WHEREAS, Plaintiff, Korea Radio USA, Inc. d/b/a Radio Korea ("Plaintiff"), and Defendant NY Metro Radio Korea, Inc. d/b/a/ NY Radio Korea ("Defendant") (collectively, "the parties") are engaged in discovery which involves, among other things, the production of certain information, documents and things of the Defendant subject to discovery or disclosure in this action which may be claimed to be or deemed to contain Confidential Information, as defined herein;

WHEREAS, pursuant to the Court Order of Honorable Rosalyn M. Chapman dated January 28, 2009, Defendant is required to: (i) enter into a two-tier protective order with Plaintiff within five (5) days of the Order; and (ii) provide all responsive documents with regard to Plaintiff's Request for Production Request Nos. 2-13, 15-19, 22, 24, 26, 31, 34-38, 42-44, 46-48, 50-55, 60-69, 84, 86-90, 95 and 103 no later than ten (10) days from the date of the Order.

NOW, THEREFORE, pursuant to the Court Order and in the interest of expediting discovery and permitting the same to proceed without delay, "the parties" by their attorneys, have agreed to provide access to and to accept such information, documents, and things subject to certain protective provisions set forth herein.

It is hereby stipulated by the attorneys of "the parties," subject to the approval of the Court, that:

1. "Confidential Information" as used herein means any type or classification of information produced or disclosed by any person or party (the "designating party") pursuant to the Court Order dated January 28, 2009 that contains commercially sensitive, proprietary and confidential material or information and that is designated by that person or party as confidential at the time of disclosure in writing or in the records of a deposition or hearing, whether revealed during deposition, in a document, by production of tangible evidence, or otherwise. If the "designating party" can make the material in question non-confidential by redacting irrelevant and unnecessary information, then that may be done. No designation shall be made unless counsel for the designating party believes that the designated material is entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

2. Information designated as confidential shall be indicated as follows:

    a. In the case of an exhibit, document or other tangible evidence, by a sticker, stamp or other written means to the exhibit, document or tangible evidence stating "Confidential – Under Protective Order";

    b. In the event that any item with the designation "Confidential – Under Protective Order" is introduced by counsel during a deposition, the reporter and counsel for the other party (or parties) must be instructed during the deposition that, pursuant to this Order, the deposition, and such exhibits if retained by the reporter, must be held under seal, and if filed in Court, must be filed under seal with the instructions to the Clerk as set forth in paragraph 9 hereof, and the reporter must be further instructed not to furnish copies of any such exhibits or disclose the contents thereof to any person other than counsel for the parties that are signatories to this Protective Order. In addition, a party may designate deposition testimony as "Confidential – Under Protective Order" by providing either oral notice on the records during the deposition or written notice of such designation to the reporter and counsel for opposing party within thirty (30) days after receipt of the transcript of the deposition. During this 30-day period, the entire deposition transcript shall be treated as "Confidential – Under Protective Order" under this Order.

    c. In the case of an interrogatory answer or a paper to be filed with the Court, by a statement in the answer or paper or attached thereto by the designating party stating "Confidential – Under Protective Order" and identifying the portion of the answer or paper designated confidential.

3. The provisions of this Protective Order shall apply to any affected discovery from any non-party as if the non-party was a party to the present action. Accordingly, a party may designate documents and information produced by other parties or non-parties as "Confidential – Under Protective Order."

4. Information designated "Confidential – Under Protective Order" shall be disclosed only to:

a.  The trial attorneys and joint counsels of record for "the parties" to this action, including members, associates, and employees of the law firm or legal offices of which such attorneys are members or employees.

b.  Subject to the requirements of paragraph 5(a), persons who are designated as experts by or investigators a party to this action retained solely for the purposes of this action, who shall be bona fide experts and investigators and not sales or marketing personnel.

c.  Subject to the requirements of paragraph 5(b), non-party witnesses, interviewees, or deponents;

d.  Court reporters and their staffs; and

e.  The Court and all members of the Court's staff.

Information designated "Confidential – Under Protective Order" shall not be disclosed to anyone, including any officers, officials, employees, agents, representatives, or members of any party to this action, except as provided in (a) through (e) of this paragraph. Notwithstanding anything to the contrary contained in the foregoing, nothing in this Protective Order shall be construed to limit in any way the use a party may make of its own materials and nothing contained in this Protective Order shall prevent any party from disclosing or showing any documents to any person who authored or was an authorized recipient of the document.

5.  a.  Prior to the disclosure of any material designated "Confidential – Under Protective Order" to persons identified in paragraph 4(b) above, the party wishing to make such disclosure shall prior to disclosure, obtain from such person a signed agreement in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order and shall be provided to other parties to this Order upon written demand made by any party to this action.

b.  Prior to the disclosure of any material designated "Confidential – Under Protective Order" to persons identified in paragraph 4(c) above, the party wishing to make such disclosure shall notify counsel for the designating party in writing, identifying the person to whom the information is intended to be disclosed and the material that is intended to be disclosed, and prior to disclosure, shall obtain from such person a signed agreement in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order. Counsel for the

PROTECTIVE ORDER

designating party will respond in writing, within five (5) business days of receipt of notice, either approving the disclosure or specifically stating all reasons for objecting to the disclosure, including (i) if the objection is to the person to whom the information is intended to be disclosed to the indicated person. If the designating party objects to the person to whom the information is intended to be disclosed, no disclosure shall be made under this Protective Order until such dispute is resolved. If the designating party objects to the disclosure of certain of the information intended to be disclosed (but does not object to the person to whom the disclosure is intended to be made, no disclosure shall be made of the specific information to which the objection has been made until such dispute is resolved; provided, however, that disclosure may be made of information to which no objection has been made. If the parties cannot resolve their dispute on an informal-basis, the party desiring disclosure may move for a modification of this Order to permit the disclosure, *pursuant to Rule 37 and its requirements.*

6. If counsel for any party believes that examination of any witness on deposition will require disclosure of information designated "Confidential – Under Protective Order", counsel will notify opposing counsel, and that part of the deposition shall be taken in the presence of only the persons authorized to receive Confidential Information.

7. The terms of paragraph 2 regarding the marking of documents will not control where a party, in response to a document request, elects to make originals or working copies of documents available to outside counsel for the receiving party (or parties) for review before making production copies. In that case, a producing party is not obligated to make any confidentiality designation upon such documents at the time they are made available. Instead, all documents made available to outside counsel for the receiving party shall be treated as "Confidential – Under Protective Order" until the producing party delivers production copies, at which time the confidentiality designations (including no designation) that the producing party will have made, will control. Any originals or working copies of documents that outside counsel for the receiving party has elected not to have copied will continue to be treated as "Confidential – Under Protective Order".

8. All exhibits and other documents filed with the Court in this action, including any subpoenas, that contain or describe information designated "Confidential – Under Protective Order", shall be filed in accordance with Local Rule 79-5, in sealed envelopes or other appropriate sealed containers bearing the case caption, the title of the document being filed and the legend:

> This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor the contents thereof to be displayed or revealed except by stipulation of the parties or by order of this Court

9. All information or materials received by a party from the producing party pursuant to this Protective Order which contain information designated "Confidential – Under Protective Order," shall be used solely for the purpose of this action and for no other purpose, and shall not be disclosed to any person not authorized to receive such information or materials pursuant to this Protective Order.

10. Disclosure or production by the designating party of information designated "Confidential – Under Protective Order" as provided herein shall not in any manner prejudice the right of any other party to contend that any subject matter or information designated "Confidential – Under Protective Order" is not legally protectable confidential information or or trade secrets of the designating party or should not otherwise be designated as Confidential Information under this Protective Order. In the event that a receiving party disagrees with any "Confidential – Under Protective Order" designation, the parties shall try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief under Local Rule 37, and the designating party shall have the burden of proving: (i) that the disputed information is confidential; and (ii) that the designation is proper. No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

11. Nothing in this Protective Order shall be deemed a waiver of a party's right to oppose production of any information or documents for any reason other than that such information or document contains or comprises Confidential Information.

PROTECTIVE ORDER

12. On final termination of this action, each party and other persons subject to the terms hereof shall assemble and return to the trial counsel representing the parties or destroy all materials and documents containing Confidential Information and all copies thereof, and shall return or destroy all other materials, memoranda, abstracts, summaries and other documents embodying or compromising such Confidential Information. Counsel for the parties will certify in writing to the designating party that all such documents and materials were returned or destroyed.

13. This Protective Order shall not prevent any party from applying to the Court for relief from the Protective Order, or for further or additional protective orders to be entered, as the Court may deem appropriate.

14. This Protective Order shall remain in full force and effect throughout this action until modified, superseded or terminated by order of the Court or by agreement of the parties.

Dated: February 5, 2009

IT IS SO ORDERED, as amended in paras. 5, 8 and 10.

2/6/09

**ROSALYN M. CHAPMAN**
Hon. Rosalyn M. Chapman

_/s/_
Ginam Lee, Esq.
Attorney for Plaintiff

_/s/_
Charles Yoon, Esq.
Attorney for Defendant

PROTECTIVE ORDER

EXHIBIT A

CHAD BIGGINS (California SBN 206922)
LAW OFFICE OF CHAD BIGGINS
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-2234
Fax: (213) 223-2235
chadbiggins@gmail.com

CHARLES YOON (Admitted Pro Hac Vice)
Yoon & Kim LLP
11 East 44th Street, Suite 1400
New York, New York 10017
Telephone: (212) 584-0058
Fax: (212) 584-0059
cyoon@yoonkimlaw.com

ATTORNEYS FOR DEFENDANT
NY Metro Radio Korea

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KOREA RADIO USA, INC.** d/b/a Radio Korea, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>**NY METRO RADIO KOREA, INC.** d/b/a NY RADIO KOREA, a New York Corporation<br><br>Defendant. | Case No.: <u>CV-070741ODW(RCx)</u><br><br>**PROTECTIVE ORDER**<br><br>Judicial Officer: Honorable Otis D. Wright, II<br><br>Magistrate Judge: Honorable Rosalyn M. Chapman<br><br>Complaint filed: November 13, 2007<br>Discovery Cut-Off Date: March 16, 2009<br>Pretrial Conference Date: May 4, 2009<br>Trial Date: June 2, 2009 |

PROTECTIVE ORDER

I, _____, hereby declare:

1. I have received and carefully read a copy of the Stipulated Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and to comply with all the terms of the Stipulated Protective Order, and by such other orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. Specifically, I agree to hold in confidence and not to disclose to any person not similarly bound by the Stipulated Protective Order any "Confidential – Under Protective Order" information disclosed to me in the course of this litigation.

4. I agree to return all documents containing "Confidential – Under Protective Order" information to outside counsel, by whom I have been retained, at the conclusion of this litigation.

5. I acknowledge that the Court may sanction me in the event that I violate the provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of this Court for this purpose.

_____  
Date

_____  
Declarant's Signature

_____  
Print Name

_____  
Employer

_____  
Home Address

_____  
Employer's Address

_____

_____  
Occupation

_____  
Job Title

PROTECTIVE ORDER